NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES LLOYD BROWN, | ) | No. C 08-03596 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| BEN CURRY, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California, seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings ("BPH") finding him unsuitable for parole. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

According to the petition, on July 17, 1989, Petitioner was sentenced to a term of seventeen-years-to-life in state prison after a jury found him guilty of second degree murder in the County of Placer Superior Court. Petitioner challenges the BPH's decision denying him parole after his most recent parole suitability hearing on July 24, 2006.

1  Petitioner filed habeas petitions in the state superior court, state appellate court, and the
2  state supreme court, all of which were denied as of May 21, 2008.  Petitioner filed the
3  instant federal petition on July 28, 2008.

## DISCUSSION

**A.**     <u>**Standard of Review**</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.**     <u>**Petitioner's Claims**</u>

As grounds for federal habeas relief, Petitioner alleges that the BPH's decision to deny parole is "otherwise arbitrary and is not supported by 'some evidence' containing an indicia of reliability."  (Pet. Ex. 3 at i.)  Petitioner also claims that the BPH's decision that petitioner posed an "'unreasonable risk' of threat to public safety" was without evidence, arbitrary and capricious, violating due process.  (<u>Id.</u>)  Finally, Petitioner alleges that the BPH's repeated reliance on unchanging facts of the underlying crime violates due process.  (<u>Id.</u> at ii.)  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this

order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/22/08

JEREMY FOGEL
United States District Judge